IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SANTILLI, | Civil No. 3:17-cv-601 |
| Plaintiff | (Judge Mariani) |
| v. | |
| DR. STANLEY M. STANISH, PAM SMITH, CORRECT CARE SOLUTIONS, | |
| Defendants | |

**MEMORANDUM**

Plaintiff Michael Santilli ("Plaintiff"), a former Pennsylvania state inmate who, at all times relevant, was housed at the State Correctional Institution in Dallas, Pennsylvania, ("SCI-Dallas"),[1] commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Dr. Stanley Stanish, Pam Smith, and Correct Care Solutions. (*Id.* at pp. 2-3). For the reasons set forth below, this action will be dismissed for failure to prosecute and failure to comply with a Court order.

I. **Background**

In the complaint, Santilli alleges that he suffers from epilepsy and various mental illnesses. (Doc. 1). He alleges that Dr. Stanish lowered his medication dosage, which caused further medical issues. (*Id.*). Santilli acknowledges that he failed to exhaust his

---

[1] Plaintiff is no longer incarcerated. *See* (Docs. 18, 19).

available administrative remedies with respect to the allegations in the complaint. (*Id.*). He claims that Defendant Smith responded to two (2) of his ten (10) inquiries. (*Id.*).

On July 6, 2017, Defendant Smith filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 16).

On July 31, 2017, Santilli filed a notice with the Court indicating that he was no longer incarcerated and stating that his address changed to 141 Lincoln Way West, Chambersburg, Pennsylvania 17201. (Doc. 18).

On October 10, 2017, Santilli filed a second notice with the Court stating that his address changed to 323 Lincoln Way West, Chambersburg, Pennsylvania 17201. (Doc. 19). This was the last communication the Court received from Santilli.

Santilli failed to file a brief in response to Defendant Smith's motion to dismiss. Accordingly, on January 5, 2018, the Court ordered Santilli to file a brief in opposition to the motion to dismiss. (Doc. 21). Also on January 5, 2018, the Court ordered Santilli to show cause why the action against Defendants Dr. Stanley Stanish and Correct Care Solutions should not be dismissed for failure to serve the summons and complaint in accordance with Federal Rule of Civil Procedure 4(m). (Doc. 20). Santilli failed to reply. The Court's mailings were returned, unopened, as undeliverable, and marked as "return to sender/not deliverable as addressed/unable to forward." (Doc. 22).

On January 22, 2018, the Court ordered Santilli to provide his current address.

2

(Doc. 23). The order warned Santilli that, "[f]ailure to comply with this Order may result in the dismissal of this case for failure to prosecute." (*Id.*) (citing Federal Rule of Civil Procedure 41(b)). Santilli failed to reply. Santilli has not communicated with the Court since October 10, 2017, and has not provided the Court with a current, updated address.

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six (6) factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

### A. Analysis of the *Poulis* Factors

#### 1. *The extent of the party's personal responsibility*

In the present matter, Santilli is *pro se* and is solely responsible for his actions. *See*

3

*Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). At this point, the Court has been waiting several months for Santilli to communicate with the Court, and can only conclude that he is personally responsible for failing to inform the Court of his whereabouts.

    2.    *The prejudice to the adversary*

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Santilli's continued failure to communicate with the Court and continued inaction frustrates and delays resolution of this action. This failure to communicate clearly prejudices the Defendants who seek timely resolution of the case. *See Azubuko v. Bell National Organization*, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

    3.    *A history of dilatoriness*

Third, Santilli has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court orders and rules. As is clear from

the procedural background of this case, Santilli has not communicated with the Court since October 10, 2017. (Doc. 19). On January 5, 2018, the Court ordered Santilli to respond to Defendant Smith's motion to dismiss. (Doc. 21). Also on January 5, 2018, the Court ordered Santilli to show cause why the action against Defendants Dr. Stanley Stanish and Correct Care Solutions should not be dismissed for failure to serve the summons and complaint in accordance with Federal Rule of Civil Procedure 4(m). (Doc. 20). Additionally, on January 22, 2018, the Court ordered Santilli to provide his current address. (Doc. 23). Santilli failed to reply and failed to comply with any of these Court orders. The Court finds that over the past several months, Santilli has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." *Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008). A *pro se* plaintiff has the affirmative obligation to keep the Court informed of his address. *See* (M.D. Pa. Local Rule of Court 83.18). Pursuant to Local Rule 83.18, a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party." M.D. Pa. L.R. 83.18. Santilli has clearly failed to comply with the terms set forth in the Middle District of Pennsylvania Local Rule 83.18.

    4.    *Was the conduct willful or in bad faith?*

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. It appears that at least some of this dilatory behavior was

performed willfully and in bad faith, as Santilli has offered no explanation for his failure to provide the Court with his current address, and has been less than diligent in pursuing this matter. *Gagliardi v. Courter*, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

### 5. *Effectiveness of sanctions other than dismissal*

Fifth, a district court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. Given Santilli's indigence, alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"). Moreover, the Court is incapable of imposing a lesser sanction without knowledge of Santilli's whereabouts.

### 6. *Meritoriousness of the claim*

The final *Poulis* factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. *Poulis*, 747 F.2d at 869-70. The Court finds that consideration of this factor cannot save Santilli's claims, since he is now

wholly noncompliant with his obligations as a litigant.

### B. Balancing of the *Poulis* Factors

In balancing the *Poulis* factors, no single factor is dispositive, *Ware*, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Following a full analysis of the factors, the majority of the six factors weigh heavily in favor of Defendants and dismissal of the action for failure to prosecute.

### III. Conclusion

Santilli's last communication with the Court was on October 10, 2017. (Doc. 19). Santilli has been released from custody, and he may no longer wish to litigate this matter. *See* (Docs. 18, 19; https://www.vinelink.com/#/search; http://inmatelocator.cor.pa.gov/#/). Santilli's prolonged failure to notify the Court of his whereabouts has forced the Court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the *Poulis* factors, it is clear that the factors militate in favor of dismissal of Santilli's claims.

A separate order shall issue.

Dated: February 12, 2018

Robert D. Mariani
United States District Judge